Byron Z. Moldo (SBN 109652)
  bmoldo@ecjlaw.com
Sonia Singh (SBN 311080)
  ssingh@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Jeffrey E. Brandlin,
Permanent Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. BRANDLIN, Receiver for Elevate Investments LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAN CLEMENTE VILLAS BY THE SEA, LTD., a California limited partnership,<br><br>                    Defendant. | Case No.<br><br>Related Case No. 8:20-cv-02398-JVS-DFM<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS** |

Plaintiff Jeffrey E. Brandlin, Permanent Receiver ("Receiver") for Elevate Investments LLC ("Elevate") and its subsidiaries and affiliates, avers as follows:

**I.**

**INTRODUCTION**

1.   Elevate is a Wyoming limited liability company which was created and operated by Justin Robert King ("King").

2.   King is the founder and president of Elevate.

3.   Shannon Leigh King ("S. King") is the wife of King.

4.   Since June 2019, King and Elevate offered interests in the Elevate

17118.2:11106686.1

Investment Fund (the "Fund"), raising at least $7.4 million from investors. Investors were misled in several ways. The purported Fund was fiction, and no such legal entity existed. Instead, investor money was held in brokerage and bank accounts in the name of King, S. King and/or Elevate.

5. Elevate and King are defendants in an enforcement action commenced in this Court by the Securities and Exchange Commission ("SEC") on December 21, 2020, entitled *Securities and Exchange Commission v. Justin Robert King; and Elevate Investments LLC,* Case No. 8:20-cv-02398-JVS-DFM ("SEC Action"). S. King is a relief defendant in the SEC Action.

6. The SEC alleged in its complaint that in offering and selling investments in the Fund, King and Elevate made materially false and misleading statements on Elevate's publicly-accessible website. In addition, King and Elevate dissipated Fund assets. In just three months from September through November 2020, King and Elevate raised $1.87 million from investors and suffered trading losses of $532,232.

7. On January 19, 2021, the Court hearing the SEC Action granted a Preliminary Injunction and Appointment of a Permanent Receiver. Jeffrey E. Brandlin was appointed as Permanent Receiver for Elevate and its subsidiaries and affiliates, with control over all bank and brokerage accounts which have possession, custody or control of any assets belonging to Elevate and its subsidiaries and affiliates.

8. The Court in the SEC Action specifically authorized the Receiver to bring this action.

## II.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over the SEC Action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1) and 77v(a), and Sections 21(d)(1), (21)(d)(3)(A), 21(e) and 27(a) of the

Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a), and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 90b-14.

10. This Court has jurisdiction over this action pursuant to 28 USC § 1367, because this action is ancillary to the SEC Action, and the receivership is pending before this Court. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008).

11. This action involves the same series of transactions as the SEC Action.

12. Venue is proper in this district because this action is ancillary to the SEC Action and the receivership currently pending before this Court.

## III.
## THE PARTIES

13. The Receiver is the duly appointed and acting Permanent Receiver of Elevate and its subsidiaries and affiliates. The Receiver was appointed by order of the United States District Court, Central District of California, in the SEC Action.

14. Defendant San Clemente Villas By The Sea, Ltd. ("Defendant") is a limited partnership which, based on information and belief, has its main office in the State of California.

## IV.
## GENERAL ALLEGATIONS

A. **The SEC Action**

15. On December 21, 2020, the SEC filed a complaint against Elevate and King, accompanied by an Ex Parte Application for a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; and (5) Appointing a Temporary Receiver; and Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver.

16. The SEC's complaint alleged that the defendants (1) committed fraud in connection with the purchase and sale of securities in violation of Section 10(b)

of the Exchange Act and Rule 10b-5, (2) committed fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act, and (3) committed fraud involving a pooled investment vehicle in violation of Section 206(4) of the Advisers Act and Rule 206(4)-8.

17. On January 19, 2021, in the SEC Action, the Court issued its Preliminary Injunction, which appointed Jeffrey E. Brandlin as Permanent Receiver over Elevate and its subsidiaries and affiliates.

**B.  The Operation of Elevate**

18. Since June 2019, King and Elevate had been conducting a $100 million securities offering through the Fund. As of November 30, 2020, King and Elevate had raised at least $7.4 million from investors.

19. Elevate's publicly-accessible website stated that "Elevate Investment Fund, LLC" was a "Master Fund" domiciled in Wyoming. However, there was no legal entity with the name "Elevate Investment Fund" formed under the laws of Wyoming or any other state. Instead, Elevate and King deposited money raised from investors intro brokerage and bank accounts controlled by King that wee in the name of King, Elevate, or S. King.

20. In offering and selling investments in the Fund, Elevate and King made materially false and misleading statements regarding the Fund, Elevate, and King.

21. First, Elevate's website stated that Elevate "delivered a 61% percent return" for all clients under its management from its inception in June 2019 through June 2020, "compared to -8% for that of its S&P 500 benchmark." The website also touted a return of over $600,000 on an investment of $1 million. During the period from June 2019 through June 2020, King and Elevate managed five brokerage accounts in the names of themselves and affiliates and/or clients, however King's trading resulted in realized losses in every account, with losses totaling over $3.8 million.

22. Second, Elevate's website touted King's trading skills and results.

However, although King managed brokerage accounts for himself and others, he had never achieved the returns touted on the Elevate website. King's trading resulted in significant realized losses year after year for all of the accounts he had controlled since 2016.

23. Third, Elevate's website touted its affiliation with well-known securities industry participants by stating that its "Trusted Providers" included TD Ameritrade, Charles Schwab, Interactive Brokers, and NinjaTrader. In fact, TD Ameritrade closed Elevate's and King's accounts in July and August 2020. Interactive Brokers received account applications from Elevate and King but had not approved the opening of any accounts. NinjaTrader had no record of any business relationship with King or Elevate.

24. In addition to making material misrepresentations to investors, King and Elevate were engaged in a fraudulent scheme. King and Elevate were soliciting investors to invest in the Fund, when no such entity existed, and all investor funds were being deposited into brokerage accounts in King's name and Elevate's name.

25. Additionally, King and Elevate were transferring investor funds to accounts controlled by the Kings. Since June 2019, King had transferred from the King and Elevate brokerage accounts $1.2 million to bank accounts affiliated with the Kings. Under the terms of the offering as disclosed on Elevate's website, neither King nor S. King had any legitimate claim to those funds.

26. Elevate engaged in Ponzi-like activity in that substantial funds that were paid by investors were used by Elevate to pay its unrelated business expenses and/or to pay King or S. King's personal expenses.

**C.   <u>San Clemente Villas By The Sea, Ltd.</u>**

27. During the prior four calendar years, Elevate transferred funds to Defendant totaling $53,626.00.

28. The Receiver has demanded the return of these funds from Defendant.

## FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(1))**

29. The Receiver reavers and incorporates by this reference paragraphs 1 through 28, above, as though set forth herein in full.

30. During the prior four calendar years, Defendant received funds totaling $53,626.00 from Elevate.

31. The payments by Elevate to Defendant were made with the actual intent to hinder, delay or defraud Elevate's creditors.

32. The payments made to Defendant are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(1).

33. The Receiver is entitled to recovery against Defendant in a sum of not less than $53,626.00, with interest thereon at the legal rate.

## SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(2))**

34. The Receiver reavers and incorporates by this reference paragraphs 1 through 28, above, as though set forth herein in full.

35. The transfers made by Elevate to Defendant were made without Elevate receiving a reasonably equivalent value in exchange for the transfers.

36. At the time the transfers were made by Elevate to Defendant, Elevate was engaged or was about to engage in a business or a transaction for which the remaining assets of Elevate were unreasonably small in relation to the business or transaction.

37. At the time the transfers were made by Elevate to Defendant, Elevate intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as such debts became due.

38. The payments made to Defendant are avoidable by the Receiver under

applicable law, including California Civil Code Section 3439.04(a)(2).

39. The Receiver is entitled to recovery against Defendant in a sum of not less than $53,626.00, with interest thereon at the legal rate.

### THIRD CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.05)

40. The Receiver reavers and incorporates by this reference paragraphs 1 through 28, above, as though set forth herein in full.

41. Elevate currently has creditors whose claims arose before the transfers made to Defendant.

42. Elevate received less than a reasonably equivalent value in exchange for the transfers made to Defendant.

43. At the time of the transfers to Defendant, Elevate was insolvent or became insolvent as a result of the transfers.

44. The payments made to Defendant are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.05.

45. The Receiver is entitled to recovery against Defendant in a sum of not less than $53,626.00, with interest thereon at the legal rate.

### PRAYER

WHEREFORE, the Receiver prays as follows:

1. For judgment avoiding Elevate's transfers to Defendant;

2. For judgment against Defendant in the sum of $53,626.00;

3. For interest at the legal rate on the amount of the fraudulent transfers from the date of the transfers;

/ / /

/ / /

/ / /

/ / /

4.     For costs of suit; and

5.     For such other and further relief as the Court deems appropriate.

DATED:  December 22, 2023          ERVIN COHEN & JESSUP LLP
                                   Byron Z. Moldo
                                   Sonia Singh


                                   By: _____
                                   Byron Z. Moldo
                                   Attorneys for Jeffrey E. Brandlin,
                                   Permanent Receiver